LE GRECI v. SOLOMON et al.

(Supreme Court, Appellate Term.   December 12, 1907.)

CONTRACTS—PARTIES INTERESTED—EVIDENCE—SUFFICIENCY.

Evidence in an action to recover for services rendered and materials furnished *held* to show that defendants were the real parties in interest, notwithstanding the addition of the words "for S., Trustee," to the signature of one of the defendants to the agreement.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Nicoli Le Greci against George Solomon and another. Judgment for defendants, and plaintiff appeals.   Reversed, and a new trial ordered.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

N. J. O'Connell, for appellant.
Thomas W. McKnight, for respondents.

PER CURIAM.   This is an action to recover for services rendered and materials furnished by the plaintiff, a carpenter, at the agreed price of $165, and for extra work and extra material, amounting to $278.45.   Of this $165 there remained $40 still unpaid.   The main question litigated upon the trial, and the defense relied upon by the defendant, was that all the work performed and all the materials furnished were included in the contract, and that plaintiff did no extra work and furnished no extra materials.   Upon this appeal, however, the main proposition relied upon by the respondent to support the judgment is that the contract was not made with the defendants, who were father and son, but with Louis Solomon, a brother of the defendant George Solomon.   The defendants, in their motion to dismiss the complaint at the close of the plaintiff's case, did not refer to this as one of the grounds upon which the motion was based.   The sole question litigated upon the trial seems to have been whether or not the plaintiff performed any extra work or furnished any extra material.

It appears from the evidence that the contract was in writing, and was signed, "George Solomon, for Louis Solomon, Trustee."   The defendant George Solomon testified that he was associated in interest with his father, Moses Solomon, in these buildings; that this agreement was drawn by him (George Solomon); that Louis Solomon had nothing to do with these buildings as owner at the time the contract was made; and that his only purpose in adding to his signature "for

Louis Solomon, Trustee," was that the money for the completion of the work "was put in his brother's hands." He further testified:

"Q. What interest had Mr. Louis Solomon in the consummation of any contract with the carpenter? A. The contract was made with me. Q. Then you regarded that as made with you when you made the words there, 'Lew Solomon, Trustee'? A. It was made with me. Q. Is that your contract? A. This is my contract. Q. Why did you add the words 'for Louis Solomon, Trustee'? A. Because he had the money to complete the contract."

The fact that the defendants were interested in these buildings, and that Louis Solomon had no interest in them and was in no wise connected with them, except as a depositary of the funds for their completion, taken together with the fact, disclosed by the evidence, that all the work was performed under the immediate supervision and direction of the defendant George Solomon, seems to adequately explain the addition of the words "for Louis Solomon, Trustee," to his signature to the agreement, and to establish, in the absence of any evidence to the contrary, that the defendants were the real parties in interest. It is unnecessary to discuss the question of extra work, since, as the evidence establishes that the plaintiff performed his part of the written contract, he was in any event entitled to recover the amount still due and unpaid upon the written contract.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.